UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL N. LATINO, ET AL. | CIVIL ACTION |
| VERSUS | NO: 14-356 |
| TEXAS BRINE CO., LLC, ET AL. | SECTION: "A" (5) |

### ORDER REGARDING SUBJECT MATTER JURISDICTION

Plaintiffs Michael N. Latino and Jamie C. Latino are former residents of the area impacted by the Bayou Corne sinkhole. Plaintiffs allege that on January 9, 2013, Michael Latino was loading evacuation supplies into his car when he slipped during a rain and fell on his own property. (Rec. Doc. 1-3, Petition ¶ 12). Therefore, this matter presents a personal injury slip-and-fall case governed by state law.

The parties are not completely diverse in citizenship because Plaintiffs and defendant Miller Engineers & Associates, Inc. are citizens of Louisiana. Texas Brine nonetheless removed the case to this Court arguing that Plaintiffs had improperly joined the non-diverse Miller Engineers such that its citizenship could be ignored for purposes of exercising diversity jurisdiction. With respect to the jurisdictional amount in controversy requirement, Texas Brine pointed out that Plaintiffs had not executed a binding stipulation regarding damages even after being asked to do so.

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. In re North American Philips Corp., 1991 WL 40259, at *2 (5th Cir. 1991). In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. Id. Any doubt regarding whether removal jurisdiction is

proper should be resolved against federal jurisdiction and in favor of remand. Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citing Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.1988)).

Pretermitting the issue of Miller Engineers' problematic citizenship, the Court finds that the jurisdictional amount in controversy is not facially apparent from the state court petition. Further, the Court is persuaded that the negative inference that Texas Brine has drawn from Plaintiffs' lack of cooperation in executing a binding stipulation regarding damages is insufficient in and of itself to support a finding of jurisdiction. But rather than remand the case *sua sponte*, the Court will allow the parties to supplement the record with evidence of the amount in controversy. Therefore, on or before **Friday, May 29, 2015**, Texas Brine and Plaintiffs shall either supplement the record with evidence indicative of the amount in controversy so that the Court can determine whether this case should be remanded, or file with the Court a joint, consent motion to remand the case.[1]

The Rule 12 motion to dismiss that Miller Engineers has filed (Rec. Doc. 13) is dismissed. Because the Court lacks jurisdiction over any claims between Plaintiffs and Miller Engineers, the Court is persuaded that it lacks jurisdiction to grant a dismissal *with* prejudice. If the Court ultimately determines, however, that the jurisdictional amount is met, the Court will dismiss Miller Engineers from the case but the dismissal will be *without* prejudice. Plaintiffs did not file an opposition to Miller Engineers' motion to dismiss, and Plaintiffs have not moved to remand the case even though it was removed from state court over a year ago. The Court interprets this as a clear indication from Plaintiffs that they do not intend to pursue claims against Miller Engineers.

---

[1] Miller Engineers' consent will not be necessary because as a non-diverse party the Court is persuaded that Miller Engineers has no standing to argue in favor of a federal court keeping the case.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 13)** filed by Miller Engineers & Associates, Inc. is **DISMISSED**;

**IT IS FURTHER ORDERED** that on or before **Friday, May 29, 2015**, Texas Brine and Plaintiffs shall either supplement the record with evidence indicative of the amount in controversy or file a joint motion to remand the case to state court.

May 20, 2015

                                            JAY C. ZAINEY
                                   UNITED STATES DISTRICT JUDGE